UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD C. HUGLER, Acting
Secretary of Labor, United States
Department of Labor

    Plaintiff,

v.                                                            Case No: 2:16-cv-526-FtM-38MRM

EL MICHOACANO, LLC, ITALMEX,
LLC, JOSE JESUS JIMENEZ and
SALVADOR GARCIA,

    Defendants.
_____/

## CONSENT JUDGMENT AND ORDER[1]

This cause came on for consideration upon Plaintiff's motion and Defendants' consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants El Michoacano, LLC doing business as El Tarasco, Italmex, LLC doing business as Pancho Corleone, Jose Jesus Jimenez and Salvador Garcia (referred to herein collectively as "Defendants") their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages in the total amount of $40,717.45 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment Defendants shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in nine installments, as follows:

| AMOUNT | ON OR BEFORE |
|---|---|
| $1,000 | April 1, 2018 |
| $1,000 | May 1, 2018 |
| $7,500 | June 1, 2018 |
| $6,000 | July 1, 2018 |
| $6,000 | August 1, 2018 |
| $6,000 | September 1, 2018 |
| $6,000 | October1, 2018 |
| $6,000 | November 1, 2018 |
| $1,217.45 | December 1, 2018 |

Defendants also shall provide Plaintiff with a schedule showing their employer I.D. numbers and the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as

miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. It is

FURTHER ORDERED each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of May 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4

**Defendants consent to entry
of the foregoing Judgment:**

EL MICHOACANO, LLC d/b/a
EL TARASCO

EL ITALMEX, LLC d/b/a
PANCHO & CORLEONE

JOSE JESUS JIMINEZ, an individual

SALVADOR GARCIA, an individual

By: _Jose J. Jimenez_
    JOSE JESUS JIMENEZ, an individual

By: _____
    SALVADOR GARCIA, an individual

By: _____
    SALVADOR GARCIA on behalf of
    El MICHOACANO, LLC d/b/a
    EL TARASCO

By: _____
    SALVADOR GARCIA on behalf of
    EL ITALMEX, LLC d/b/a
    PANCHO & CORLEONE

By: _Suzanne Boy_
    SUZANNE BOY
Attorney for Defendants
Henderson, Franklin, Starnes & Holt, P.A.
1715 Monroe Street
P.O. Box 280
Fort Myers, FL 33901
Direct Dial: 239.344.1403
Direct Fax: 239.344.1545
Suzanne.Boy@henlaw.com

**Plaintiff moves entry of
the foregoing Judgment:**

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: _____
    JASLYN W. JOHNSON
Trial Attorney
johnson.jaslyn.w@dol.gov

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5463
(404) 302-5438 (FAX)

Attorneys for Plaintiff

**El Michoacano, LLC, Italmex, LLC, Jose Jesus Jimenez and Salvador Garcia**

**Civil Action No. 2:16-cv-526-FtM-99MRM**

**SCHEDULE "A"**

| EMPLOYEE | PERIOD FROM - TO | TOTAL |
|---|---|---|
| **El Michoacano** | | |
| 1. Hernandez, Alejandro | 07/20/2013-08/02/2014 | 7,630.96 |
| 2. Isidro, Imurrilo | 07/19/2014-03/07/2015 | 727.33 |
| 3. Mata, Pedro | 01/04/2014-03/07/2015 | 1,543.60 |
| 4. Vargas, Mireya Atalia Prec | 07/20/2013-11/30/2013 | 2,968.44 |
| 5. Villagran, Erick A | 01/04/2014-03/07/2015 | 1,315.92 |
| **Italmex, LLC** | | |
| 1. Gamboa, Joselito Ordonez | 01/12/2014-04/27/2014 | 6,489.22 |
| 2. Perez, Dioncio | 01/12/2014-03/01/2015 | 11,487.27 |
| 3. Perez, Melchor | 01/12/2014-11/16/2014 | 8,554.71 |
| | Total | 40,717.45 |